# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AL HOLIFIELD,**

    Plaintiff,

v.                                                                Case No. 18-CV-801

**GEARLD KULWICH,** *et al.***,**

    Defendants.

# ORDER

Plaintiff Al Holifield, who is representing himself, moves for an order compelling discovery and for limited appointment of counsel. (ECF Nos. 46 & 47.) This order will address each motion.

## I.     Motion to Compel

Holifield asserts that defendant Joseph Zawikowski has not "fully" answered interrogatories 1 through 15. (ECF No. 46 at 1.) He submitted Zawikowski's response with his motion. (ECF No. 45.) Holifield asserts that he received no answers to the interrogatories, yet the document he submitted shows Zawikowski provided answers to each of the fifteen interrogatories. (ECF No. 46 at 1; *see* ECF No. 45 at 1–4.) Holifield does not explain why he believes Zawikowski's responses are not "full" or describe what detail was omitted.

Holifield also seeks to compel Zawikowski to produce alleged footage from his "police body worn camera of the incident on 6-22-16," which he requested in his

interrogatories. (ECF No. 46 at 3.) Zawikowski responded that any footage of the incident was "not properly saved to the incident report and/or misfiled and/or corrupted and has therefore not been able to be located with due diligence. If, the footage is at some later point located, it will be provided." (ECF No. 45 at 4.) Zawikowski also apparently turned over the available body-camera video footage to Holifield during discovery. (*See id.* at 2 (directing Holifield to "body Cam Videos located at Bates Labeled HOL-MPD 111112-000020).) There does not appear to be any other available footage for Zawikowski to turn over to Holifield.

Holifield notes that Zawikowski did not file an affidavit in support of the defendants' motion for summary judgment or a "Request to Admit[]" that two of the other defendants submitted. (ECF No. 46 at 2.) But not every defendant need submit an affidavit in support of a motion for summary judgment. A moving party need submit only any affidavits or declarations it intends to use to support its motion. *See* Fed. R. Civ. P. 56(c)(4).

Holifield requests that Zawikowski pay his "reasonable expenses in obtaining this order," under Fed. R. Civ. P. 37(a)(5)(A). (*Id.* at 3.) He asserts he is entitled to that relief because the defendants refused to answer the interrogatories or disclose discovery. (*Id.*)

Civil Local Rule 37 requires parties to first attempt to work out a discovery dispute informally, amongst themselves, before involving the court. If that is unsuccessful, a party may file a motion to compel, but the motion must include a certification that efforts to informally resolve the dispute failed. This rule exists

because parties are often able to reach an agreement before involving the court, which saves both the parties and the court time and resources.

Holifield does not certify that he attempted to resolve the discovery disputes with the defendants. Zawikowski's responses to his interrogatories show that the materials he seeks either have been provided or are not available to be given to him. And there is no penalty for Zawikowski not having submitted an affidavit or declaration in support of the motion for summary judgment. That the defendants did not include a declaration from Zawikowski in their materials in support of their motion suggests they believe one is not needed.

Accordingly, Holifield's motion to compel will be **DENIED**. Because the court is denying the motion, he is not entitled to any reasonable expenses under Fed. R. Civ. P. 37.

## II. Motion to Appoint Counsel

Holifield moves for the appointment of counsel "for 'limited purposes' to help the plaintiff locate and serve a subpoena on Brian Avery," related to the June 22, 2016, incident. (ECF No. 47.) He asserts that he "cannot prove his case without either the defendant's sworn statements or Brian Avery sworn statements." (*Id.* at 1.) Holifield states that he does not know how to locate Avery, and his "only other option" is to have a lawyer depose Zawikowski to learn Avery's whereabouts. (*Id.*)

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

3

"[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising this discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish et al.*, 923 F.3d 486, 490 (7th Cir. 2019), (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first element, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority*, 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact them; and (4) the lawyers' responses.

Holifield does not assert that he made any previous attempt to obtain counsel himself. Nor does he allege that he has made any effort to depose Zawikowski to obtain the information that he says he needs. On April 15, 2019, the court issued a Scheduling Order in which it instructed Holifield to serve any request for a deposition on the opposing party. (ECF No. 24 at 2.) Holifield does not allege that he attempted to serve Zawikowski with a request for a deposition to learn Avery's location (or any other information) at any point during discovery. He instead asserts, without any support, that only a lawyer could request and conduct a deposition on Zawikowski.

4

Holifield was released from incarceration as early as July 6, 2018 (ECF No. 9), so his resources are not limited like they would be were he still an inmate. And as his interrogatories demonstrate, he is fully capable of serving discovery requests on the defendants, including a request for a deposition, and asking the questions he wants to ask.

Holifield also does not explain why it took him seven months to decide he needed to depose Avery or Zawikowski. The incident leading to this lawsuit occurred on June 22, 2016. Holifield knew the case would proceed as of January 22, 2019. And, as mentioned, the court set the original deadline for discovery as April 15, 2019. The court has twice extended that deadline, both times at Holifield's request, and the first time after the previous deadline for discovery and dispositive motions had elapsed. (*See* ECF Nos. 40 & 44.) Discovery is due January 30, 2020. (ECF No. 44.) The court will not further extend the discovery deadline to accommodate Holifield's lack of due diligence in the discovery process. Nor will it reward Holifield with an attorney, which are extraordinarily limited in civil cases for any purpose, to do his work for him.

**IT IS THEREFORE ORDERED** that Holifield's motion to compel discovery (ECF No. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that Holifield's motion to appoint counsel (ECF No. 47) is **DENIED**. The deadlines for discovery and Holifield's response to the defendants' motion for summary judgment remain unchanged.

Dated at Milwaukee, Wisconsin this 15th day of January, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge