UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AL HOLIFIELD,

           Plaintiff,

     v.                                      Case No. 18-cv-0801-bhl

GERALD KULWICH et al.,

           Defendants.

## DECISION AND ORDER

     Plaintiff Al Holifield, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Holifield is proceeding on a First Amendment retaliation claim against defendants Gerlad Kulwich, Joseph Zawikowski, and Sarah Beland alleging they unlawfully arrested him in retaliation for filing a writ of *habeas corpus* that implicated them and for refusing to be a police informant. He is also proceeding on a Fourth Amendment claim against defendants Gerald Kulwich, Joseph Zawikowski, Sarah Beland, Charles Grimm, Bradley Johnson, and Ruben Cordova for allegedly conducting an unlawful search of his home. The parties filed cross-motions for summary judgment. (ECF. Nos. 32, 56.) The Court denies Holifield's motion for summary judgment and grants the defendants' motion for summary judgment.

## PRELIMINARY MATTERS

     At the outset, the defendants argue in their reply brief[1] that Holifield's summary judgment materials do not comply with the Eastern District of Wisconsin's Civil Local Rules, specifically Civil L.R. 56(b), and the Court should view their summary judgment motion as unopposed. (ECF. No. 57.) However, district courts are entitled to construe *pro se* submissions leniently and may overlook the plaintiff's noncompliance by construing the limited evidence in a light most favorable to the plaintiff. *See Grady v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016).

---

[1] Magistrate Judge William Duffin, in his March 23, 2020, order construed the defendants' motion for relief as their reply to Holifield's summary judgment materials. (*See* ECF. No. 60.)

While Holifield did not submit a formal statement of proposed undisputed facts nor respond to the defendants' proposed undisputed facts, he did submit a detailed brief that was sworn before a notary public. (ECF. No. 56.) Also, Holifield invoked 28 U.S.C. §1746 in his complaint, which is enough to convert the complaint into an affidavit for the purposes of summary judgment. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017); *Owens v. Hinsley*, 635 F.3d 950, 954–55 (7th Cir. 2011). As such, the Court will consider the information contained in Holifield's submissions where appropriate in deciding the defendants' motion.

## BACKGROUND

On June 22, 2016, at approximately 7:00 p.m., Holifield's friend, Brian K. Avery, temporarily parked his car outside Holifield's house to drop Holifield off. (ECF. No. 1, ¶¶1-2.) Defendants, Milwaukee Police Officers, Gerald Kulwich and Sarah Beland, members of the Neighborhood Task Force Street Crimes unit, were on patrol with the other defendant officers, Joseph Zawikowski, Charles Grimm, Bradley Johnson, and Ruben Cordova. (ECF. No. 34, ¶¶4-5.)

The defendants state that at approximately 7:50 p.m., they observed "a gray Dodge Charger 4-door vehicle bearing Wisconsin Registration Plates of 175YRR parked in front of 4830 North 39th Street in the City of Milwaukee, Wisconsin." (ECF. No. 34, ¶6.) The defendants saw that the Dodge Charger was parked more than two feet away from the curb, in violation of local ordinances. (*Id.*, ¶7.) As a result, Kulwich approached the Charger on the passenger side while Officer Joseph Zawikowski approached the driver's side. (*Id.*, ¶8; ECF. No. 1, ¶3.) The defendants state they "detected the odor of marijuana emanating from the vehicle." (ECF. No. 34, ¶10.) They also observed "a brown, hand wrapped cigar in the center console, which they believed to be a marijuana cigarette or 'blunt.'" (*Id.*, ¶11.) Holifield does not dispute that Zawikowski stated he smelled marijuana and that he saw a blunt in Avery's car ashtray. (ECF No. 1, ¶9.) However, Holifield asserts that Avery informed the officers that he had smoked marijuana in the car earlier that day. (*Id.*, ¶10.)

Kulwich then had Holifield exit the car, and Holifield asserts Kulwich handcuffed him and arrested him. (ECF. No. 1, ¶6.) Holifield states that Avery was not pulled from the car. (*Id.*, ¶ 8.) Kulwich then searched Holifield's person and discovered "a clear plastic sandwich bag containing 22 clear plastic corner cut tied bags containing a white chunky substance that appeared to be crack cocaine" and a set of keys. (ECF. No. 34, ¶¶13, 15.) Meanwhile, Beland

2

and the other defendant officers searched the Charger and found a plastic sandwich bag containing a "green, leafy plant like substance" that appeared to be marijuana. (*Id.*, ¶¶16-17.) Holifield asserts that at that point, Beland approached him requesting permission to search his house. (ECF. No. 1, ¶12.) Holifield refused and would not sign a consent form. (*Id.*)

According to Holifield, at approximately 8:00 p.m., the defendants used his keys to enter and search his residence. (ECF. No. 1., ¶14.) He alleges that the defendants "damaged the plaintiff's property and left the residence unlocked causing the residence to be burglarized." (*Id.*, ¶15.) Because of the damage, Holifield asserts that he was evicted. (*Id.*, ¶16.) The defendants assert that they searched Holifield's residence at approximately 10:37 p.m. (ECF. No. 34, ¶27.) The search did not uncover any contraband or anything else illegal. (*Id.*, ¶29.) The defendants also state that they did not cause any personal or real property damage during the search, and Beland locked up the residence when they finished searching. (*Id.*, ¶¶28, 30.)

The defendants also state that after they found the apparent crack cocaine on Holifield's person, Beland conducted a warrant check on him and discovered that "he was on parole through the Wisconsin Department of Corrections for violations of Wis. Stat. §961.41 (1)(D), manufacture/delivery of heroin, Wis. Stat. §961.41(1)(d)(1), possession of narcotic drugs, and Wis. Stat. §961.42(1), maintaining a drug trafficking place." (ECF. No. 34, ¶19.) Beland then called the Wisconsin Department of Corrections, who informed her that they would be issuing an "Order to Detain" Holifield. (*Id.*, ¶20.) The DOC also told Beland that Holifield was placed on parole on December 7, 2014. (*Id.*) In response, Beland informed the DOC that she intended to search Holifield's home "in accordance with 2013 Wisconsin Act 179." (*Id.*, ¶21.) Beland states she "was aware that Wisconsin residents who have been placed on probation or parole through the Wisconsin Department of Corrections after December 14, 2013 fell under 2013 Wisconsin Act 179, enacted into law as Wis. Stat. §302.11(6m) that allows a warrantless property search upon reasonable suspicion that the person on extended supervision is committing a crime." (*Id.*, ¶23.) Beland believes she had reasonable suspicion because of the plastic sandwich bag of apparent crack cocaine corner cuts Kulwich found on Holifield's person during the search incident to arrest. (*Id.*, ¶24.)

Holifield asserts that the defendants arrested him and searched his house because he filed a writ of *habeas corpus* in Case No. 14-cv-1486 and because he would not be a Neighborhood Task Force police informant. (ECF. No. 1, ¶¶18, 21.) Holifield states that "the writ is regarding

3

other members of the Milwaukee Police Department of [*sic*] setting up the plaintiff back in 2010 and having the plaintiff wrongfully convicted, violating many of the plaintiff [*sic*] civil rights." (*Id.*, ¶18.)  However, Holifield also states that the defendants retaliated against him "for filing and naming them in the habeas petition which is pending before the court." (*Id.*, ¶21.)  Holifield further contends that while the defendants "originally charged Brian Avery with a parole violation and with possessing the marijuana," after both he and Avery were transferred to the Milwaukee County Jail on June 23, 2016, they dropped the charges against Avery. (*Id.*, ¶23.)

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).  The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co*., 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted).  "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*.  Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted)

## LEGAL CONCLUSIONS AND ANALYSIS

### A. First Amendment Retaliation Claim

Generally, "'the First Amendment prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (quoting *Hartmann v. Moore*, 547 U.S. 250, 256 (2006)).  At summary judgment, plaintiffs alleging First Amendment relation claims "must show that: (1) they engaged in activity protected by the First Amendment; (2) they suffered a deprivation that would likely deter First Amendment activity; and (3) the First Amendment activity was at least a

4

motivating factor in the police officer's decision." *Thayer v. Chiczewski*, 705 F.3d 237, 251 (7th Cir. 2012). "To prevail on a such a claim, a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury'" Nieves, 139 S. Ct. at 1722 (quoting *Hartmann*, 547 U.S. at 259). Additionally, the retaliatory "motive must *cause* the injury." *Id.* (emphasis in original).

After Holifield's case was screened, the United States Supreme Court decided *Nieves v. Bartlett* and added a bright-line test for causation in retaliatory arrest cases. Under *Nieves*, a plaintiff "pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest" to prevail. *Id.* at 1724. The Supreme Court explained that "because probable cause speaks to the objective reasonableness of an arrest," the absence of probable cause will "generally provide weighty evidence that the officer's animus caused the arrest, whereas the presence of probable cause will suggest the opposite." *Id.* The Supreme Court also noted an exception to the rule: "the no-probable-cause requirement should not apply when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id.* at 1727.

Holifield alleges the basic elements of a First Amendment retaliatory arrest claim. According to his sworn complaint, he engaged in a protected action when he filed his *habeas* claim. *Novoselsky v. Brown*, 822 F.3d 342, 355 (7th Cir. 2016) ("The First Amendment right to petition the government extends to the courts in general and applies to litigation in particular" (citations omitted)).[2] He claims he was arrested for engaging in the protected activity and an arrest would certainly be chilling enough to deter Holifield from taking these actions in the future. But the summary judgment record does not get Holifield past the bright-line rule announced in *Nieves* for claims based on alleged retaliatory arrests, however. To the contrary, the undisputed facts show that the defendants had probable cause to arrest Holifield.

Holifield admits that there was an odor of marijuana in the car and there was a blunt in the car's ashtray. He also does not dispute that Beland found a plastic sandwich bag containing apparent marijuana in the sunglasses holder of the car. The odor, the presence of the blunt, and the discovery of the bag of marijuana were sufficient to establish probable cause to arrest

---

[2] It has not been clearly established whether refusing to be an informant is protected activity. *Clark v. Reed*, 772 Fed. Appx. 353, 355 (7th Cir. 2019). However, regardless of whether Holifield's refusal to be an informant is protected activity, the filing of the habeas petition clearly is protected, and this is sufficient to meet the first prong of the test. *See Pearson v. Welborn*, 471 F.3d 732, 740 (7th Cir. 2006).

5

Holifield.  *United States v. Paige*, 870 F.3d 693, 700 (7th Cir. 2017) (quoting *United States v. Humphries*, 372 F.3d 653, 658 (4th Cir. 2004)) ("the odor of marijuana, if sufficiently localized to a specific person, provides probable cause to arrest that person."); *Warlick v. Cross*, 969 F.2d 303, 309 (7th Cir. 1992) (holding that the odor of marijuana combined with other factors including the presence of a hand-rolled cigarette constitutes probable cause for arrest).  Even though Holifield states that Avery admitted to the defendants that only he (not the plaintiff) had smoked marijuana earlier in the car earlier in the day, whether an officer had probable cause for an arrest is based on whether "the totality of the 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, [to] believ[e], in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'"  *Paige*, 870 F.3d at 699-700 (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).  A reasonable officer presented with the smell of marijuana and the presence of a blunt would believe that both the driver and the passenger of the car may have committed the offence of marijuana possession.

       Holifield complains that his companion Avery was not pulled from the car and the charges brought against Avery were dropped the next day, insisting these facts are proof of retaliation.  These facts do not change the fact that the officers had probable cause to arrest Holifield, which is sufficient to defeat Holifield's claim under *Nieves*.  Moreover, the assertions about Avery do not implicate the *Nieves* exception.  The exception applies only "when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been."  *Id.* at 1727.  Holifield's own assertions demonstrate that Avery was also arrested along with Holifield.  Holifield alleges that Avery was transferred with him to the Milwaukee County Jail, so Avery was also in custody.  Holifield also alleges that Avery was charged with a parole violation and marijuana possession.  These allegations, when taken together, draw a clear inference that Avery was also arrested.  Because the defendants had probable cause to arrest Holifield and the *Nieves* exception does not apply, his First Amendment retaliation claim fails as a matter of law.  Defendants Kulwich, Zawikowski, and Beland are entitled to summary judgment on Holifield's retaliatory arrest claim.

## B. Fourth Amendment Unreasonable Search Claim

Holifield also claims that all the defendants violated his Fourth Amendment rights when they searched his residence. There are two aspects to Holifield's unreasonable search claim. First, whether using his keys without his consent to search his home violated his constitutional rights, and second, whether the manner in which the defendants searched his home was reasonable.

Regarding the first aspect, whether the search itself was justified, it is undisputed that Holifield was on parole for drug-related convictions as of December 7, 2014. It is also undisputed that Kulwich found a plastic sandwich bag containing 22 cuts of what appeared to be crack cocaine in the search of Holifield's person incident to his arrest. Wisconsin Statute §302.11 governs people released on parole after December 14, 2013, and Wis. Stat. §302.11(6m) states:

> Any person released under this section, his or her residence, and any property under his or her control may be searched by a law enforcement officer at any time during his or her period of supervision if the officer reasonably suspects that the person is committing, is about to commit, or has committed a crime or a violation of a condition of parole. Any search conducted pursuant to this subsection shall be conducted in a reasonable manner and may not be arbitrary, capricious, or harassing.

After Kulwich found the plastic sandwich bag, the defendants had reasonable suspicion that Holifield had committed the crime of cocaine possession. Under Wis. Stat. §302.11(6m), the defendants were entitled to search Holifield's house.

As for the second aspect, the reasonableness with which the officers conducted the search, the record is not robust. "The Fourth Amendment guarantees that the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.'" *Johnson v. Manitowoc County,* 635 F.3d 331, 334 (7th Cir. 2011) (quoting *Green v. Butler*, 420 F.3d 689, 694 (7th Cir. 2005)). This requirement "extends to the manner in which the search is conducted." *Id.* at 335. To ascertain "the reasonableness of a search 'requires a balancing of the need for the particular search against the invasion of personal rights that the search entails.'" *Banaei v. Messing*, 547 Fed. Appx. 774, 776 (7th Cir. 2013)

7

(quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). Generally, the officers executing the search have the discretion "to determine the details of how best to proceed with the performance of a search authorized by warrant[3]." *Johnson*, 635 F.3d at 335. "The test is whether "the officers executing the warrant employ[ed] a methodology that is, in light of the values protected by the Fourth Amendment and the exigencies of the situation, a reasonable one.'" *Id.* (quoting *United States v. Jones*, 54 F.3d 1285, 1292 (7th Cir. 1995)).

Both parties offer little insight into how the defendants searched Holifield's residence. Holifield's brief simply points to the allegations in his complaint. (ECF No. 56 at 14.) And, while his complaint was signed under penalty of perjury, it merely alleges in conclusory fashion that the defendants "damaged the plaintiff's property and left the residence unlocked causing the residence to be burglarized." (ECF. No. 1, ¶15.) He also claims that he was "evicted by the landlord due to the police raid and property damage . . . [and] that he lost money, 2 mink coats, jewelry, clothing, electronics, and security deposit and moving costs." (*Id.*, ¶16.) It is unclear how Holifield, who was then under arrest, would have first-hand knowledge that any subsequently discovered damage to his property was caused by the officers during their search. Nor would he have had first-hand knowledge that they left the property unlocked, leading to a later burglary. Holifield alleges he was detained and "seated inside the squad car" while the search took place. (*Id.*, ¶12.) The court may consider the evidence in Holifield's complaint for summary judgment purposes, but only "if the complaint is sufficiently detailed and based on personal knowledge." *Murry v. Barnes*, 122 Fed. Appx. 853, 855 (7th Cir. 2004). Where a plaintiff relies "upon conclusory and unattributed allegations" contained in his complaint, a court should not rely on those pleadings. *Id.*

The defendants provide an affidavit from Beland stating that the officers searched through clothing, furniture, paperwork, and food containers and did not cause property damage or leave the house unlocked. (ECF. No. 36, ¶¶29-35.) While not terribly detailed, Beland at least offers first-hand testimony that no property was damaged and the house was locked when the officers left. Reasonableness "is judged from the perspective of the officer at the time of the search, not with the benefit of 20/20 hindsight." *Johnson*, 635 F.3d at 335. Accordingly, even

---

[3] The Court recognizes that the search of Holifield's residence was not executed pursuant to a search warrant but instead pursuant to Wis. Stat. § 302.11(6m). Because the state statute contains a reasonableness requirement similar to the requirement under Fourth Amendment jurisprudence, a search conducted pursuant to the statute, at least for a reasonableness inquiry, is analogous to a search conducted pursuant to a warrant.

8

when taking the limited evidence available in a light most favorable to the plaintiff, no reasonable jury could conclude that the search of his residence was unreasonable.[4]

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendants' motion for summary judgment (ECF. No. 32) is **GRANTED** and all claims against the remaining defendants are **DISMISSED.**

**IT IS FURTHER ORDERED** that Holifield's motion for summary judgement (ECF. No. 56) is **DENIED**.

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The Court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 2nd day of October, 2020.

/s Brett H. Ludwig
Brett H. Ludwig
United States District Judge

---

[4] The defendants also argued that they were entitled to qualified immunity. Because the Court grants summary judgment on the merits, the Court does not need to address the qualified immunity argument.